**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| **TRUSTEES OF THE NEW ENGLAND CARPENTERS HEALTH BENEFITS FUND, TRUSTEES OF THE NEW ENGLAND CARPENTERS PENSION FUND and TRUSTEES OF THE SOUTHERN NEW ENGLAND CARPENTERS ANNUITY FUND** : | |
| Plaintiffs : | Civil Action No. |
| V. : | Date: April 16, 2019 |
| **URBAN CONTRACTORS OF CT, LLC** : **ELMAR SHAKIR** : | |
| Defendants : | |

## COMPLAINT

Plaintiffs, by their attorneys, Gould Killian LLP, complaining of the Defendants, allege as follows:

### PARTIES

1. Plaintiffs are the duly appointed Trustees of the New England Carpenters Pension Fund, the New England Carpenters Health Benefits Fund, and the Southern New England Carpenters Annuity Fund (collectively referred to herein as "Funds").

2. The Funds are "employee benefit plans" within the meaning of Section 3(3) of The Employment Retirement Income Security Act of 1974 (hereinafter "ERISA"), 29 U.S.C. §1002(3), and are "multiemployer plans" within the meaning of Section 3(37) of ERISA, 29 U.S.C. §1002(37).

Gould Killian LLP
280 Trumbull Street
21st Floor
Hartford CT 06103
(860) 278-1270
Fax (860) 244-9290
Juris No. 24240

3. The defendant, URBAN CONTRACTORS OF CT, LLC (hereinafter "Urban") is a Connecticut limited liability company maintaining offices and conducting business at 3080 Main Street, Hartford, Connecticut. Urban is an "employer in an industry affecting commerce" pursuant to ERISA, 29 U.S.C. §1002(5), (9), (11), (12) and (14).

4. The defendant, ELMAR SHAKIR is an individual who resides at 410 River Street, Windsor, Connecticut. Mr. Shakir is the owner and Sole Member of Urban, and makes all final decisions over payments made by the company. Upon information and belief, Mr. Shakir controls every aspect of the business.

## JURISDICTION AND VENUE

5. This is an action brought by the trustees of the New England Carpenters Pension Fund, the New England Carpenters Health Benefits Fund, and the Southern New England Carpenters Annuity Fund (collectively referred to herein as "Funds") to enforce the terms of the Funds and the provisions of Section 515 of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §1145. This action arises under the laws of the United States, specifically Section 502(a)(3) of ERISA, 29 U.S.C. §1132(a)(3). Pursuant to Section 502(e)(1) of ERISA, 29 U.S.C. §1132(e)(1), jurisdiction is therefore conferred on this Court.

6. The Pension Fund is created, maintained and regulated by the terms of a certain Declaration of Trust originally dated February 25, 1968, as amended, which Declaration of Trust is presently in effect. The Annuity Fund is created, maintained and regulated by the terms of a certain Declaration of Trust originally dated April 1, 1979, which Declaration of Trust is presently in effect. The Health Fund is created, maintained and regulated by the terms of a certain Declaration of Trust dated September 1, 1969, which Declaration is presently in effect.

Gould Killian LLP
280 Trumbull Street
21st Floor
Hartford CT 06103
(860) 278-1270
Fax (860) 244-9290
Juris No. 24240

Gould Killian LLP
280 Trumbull Street
21st Floor
Hartford CT 06103
(860) 278-1270
Fax (860) 244-9290
Juris No. 24240

7. The Connecticut operations of the Funds are administered in Connecticut. The defendant is located in Connecticut, and the breach occurred in Connecticut. Venue is conferred on this Court pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2), which provides:

(2) Where an action under this title is brought in a district court of the United States, it may be brought in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found, and process may be served in any other district where a defendant resides or may be found.

8. Urban performs contracting or subcontracting work in the carpentry industry in the State of Connecticut and employs or has employed members of the United Brotherhood of Carpenters and Joiners of America and its affiliated local unions ("Union"), or nonmembers working in covered employment.

## CAUSE OF ACTION

**COUNT ONE** – **Breach of Collective Bargaining Agreement and Failure to make benefit contributions pursuant to ERISA**

9. Urban, acting by and through its authorized agent or officer, executed a collective bargaining agreement ("Agreement") with the New England Regional Council of Carpenters.

10. Pursuant to the Agreement, Urban agreed to make certain payments to the Funds maintained on behalf of employees performing carpentry work in covered employment.

11. Urban agreed to be bound by the foregoing document and to make certain contributions to the Funds.

12. Under the terms of said contract and of the Declarations of Trust adopted by the Boards of Trustees of the Funds, Urban is also liable for a reasonable rate of interest on said

delinquent contributions until paid, plus all costs of collection, including audit fees, attorney's fees and liquidated damages in the amount of twenty (20%) percent of the delinquent contributions.

13. Pursuant to an audit of Urban's payroll records, it is delinquent to the Funds in the amount of $26,272.95 for the time period January 1, 2015 through August 19, 2018.

14. Based upon reports of hours worked in covered employment submitted by Urban, an additional $80,026.07 is due for December 24, 2018 through March 10, 2019.

15. As long as Urban continues to employ workers performing covered employment, the delinquency owed to the Funds will increase during the pendency of this action.

16. Due demand for the foregoing amount has been made upon Urban by counsel for the Funds, but to date the foregoing contributions, interest and liquidated damages due and owing to the Funds have not been paid.

17. As a result of Urban's failure to meet its obligations under the terms of the collective bargaining agreement, Plaintiffs have been required to employ counsel in order to enforce such obligations. Plaintiffs have brought this action in faithful performance of the fiduciary duties imposed upon them under Section 404(a)(1) of ERISA, 29 U.S.C. §1104(a)(1). Plaintiffs have been, and are, incurring attorney's fees as a direct result of Urban's failure to make contributions in accordance with the terms and conditions of the pertinent collective bargaining agreement.

**COUNT TWO – Pierce the corporate veil**

18. The plaintiffs reallege paragraphs nine through seventeen of Count One above as if more fully set forth herein as paragraph eighteen through twenty-six of this Count Two.

Gould Killian LLP
280 Trumbull Street
21st Floor
Hartford CT 06103
(860) 278-1270
Fax (860) 244-9290
Juris No. 24240

27. At all times relevant hereto, the defendant, Elmar Shakir, was the owner and sole member of Urban.

28. Upon information and belief, at all times relevant hereto, the defendant, Urban was the mere instrumentality of Elmar Shakir, in that Mr. Shakir exercised complete control and domination of the finances, policies and business practices of Urban, which control he exercised to prevent the payment of contributions justly owed to the funds.

**COUNT THREE – Breach of Fiduciary duty**

29. The plaintiffs reallege paragraphs nine through nineteen of Count One above as if more fully set forth herein as paragraph twenty-nine through thirty-seven of this Count Two.

38. The delinquent contributions owed to the Funds are Trust assets pursuant to the Declarations of Trust referred to above.

39. Elmar Shakir exercised discretionary authority or discretionary control over the management or disposition of Fund assets, in that he controlled the payment or nonpayment of the benefit contributions.

40. Elmar Shakir controlled how the funds paid to the company were used, and used Trust assets for purposes other than payment of benefit contributions.

41. Elmar Shakir is a fiduciary under ERISA, 29 U.S.C.A. §1002(21)(A).

42. Elmar Shakir is personally liable for the delinquent contributions pursuant to ERISA §29 U.S.C.A. 1109(a).

WHEREFORE, Plaintiffs demand judgment against the Defendants as follows:

1. For a money judgment consisting of the following:

   a. For unpaid contributions due in the amount of $106,299.02 (ERISA Section 502(g)(2)(A));

Gould Killian LLP
280 Trumbull Street
21st Floor
Hartford CT 06103
(860) 278-1270
Fax (860) 244-9290
Juris No. 24240

      b. For interest assessed on the delinquent contributions calculated from the date due through the date of judgement at the rate of 12 percent per annum pursuant to contract and ERISA Section 502(g)(2)(B));

      c. For liquidated damages assessed on the delinquent contributions at the rate of 20 percent pursuant to contract and ERISA Section 502(g)(2)(C);

    2. For reasonable attorneys' fees and costs of this case pursuant to contract and ERISA Section 503(g)(2)(D);

    3. That the Defendants be ordered to comply with its obligations to report and to contribute to the Funds during the pendency of this action;

    4. That the Defendants be ordered to comply with its obligations to allow a Field Audit of payroll records by the Funds during the pendency of this action;

    5. Such other legal or equitable relief as this Court deems appropriate, including judgment for any contributions and/or interest thereon that may accrue subsequent to the filing of this complaint, as well as any resulting penalties thereon pursuant to ERISA.

Dated at Hartford, Connecticut this 16th day of April, 2019.

        PLAINTIFFS

        By   /s/Nancy Gould
        Nancy Gould
        Fed. Bar No. CT 10567
        Gould Killian LLP
        280 Trumbull Street, 21st floor
        Hartford, CT 06103
        Phone: (860)278-1270
        Fax: (860)244-9290
        Email: ngould@gouldkillian.com

Gould Killian LLP
280 Trumbull Street
21st Floor
Hartford CT 06103
(860) 278-1270
Fax (860) 244-9290
Juris No. 24240